# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KENNETH RAY PARRISH,**
        **Petitioner,**

    v.                                                  **Case No. 08C0804**

**BYRAN BARTOW,**
        **Respondent.**

## DECISION AND ORDER

Pro se petitioner Kenneth Parrish, who is currently confined at the Wisconsin Resource Center after being civilly committed pursuant to Wis. stat. Ch. 980, filed this petition for a writ of habeas corpus under 28 U.S .C. § 2254, challenging his confinement.. Pursuant to Rule 4 of the Rules governing § 2254 Cases, Magistrate Judge William E. Callahan recommended that the petition be dismissed and that petitioner's application to proceed in forma pauperis and motion for counsel be denied. Judge Callahan made this recommendation in part because petitioner has failed to exhaust his state remedies as required by 28 U.S.C. § 2254(b)(1). Petitioner objected to the recommendation, and the case was assigned to me for review de novo. 28 U.S.C. § 636(b)(1); see United States v. Raddatz, 447 U.S. 667, 673-76 (1980); see also Delgado v. Bowen, 782 F.2d 79, 81-82 (7th Cir.1986).

Although the petition is not clear, based on review of the contents of the petition, it appears to challenge the actions of Judge John Franke in dismissing his petition for discharge. The petition begins with a summary of law relating to abuse of discretion, then

cites to the 2002 Wisconsin Court of Appeals decision affirming his Ch. 980 commitment.[1] The petition then includes references to the contents of two reports filed by expert doctors in his state court proceedings, the first by Dr. Wakefield dated March 24, 2008, and the second by Dr. Barahal dated April 4, 2008. Finally, the petition concludes with references to entries in the state court docket regarding the state of petitioner's case just prior to assignment to Judge John Franke. This part of the petition indicates that the prior circuit court judge had set a date for a jury trial in which petitioner could challenging his ongoing commitment. Review of the current docket suggests that Judge Franke dismissed petitioner's challenge to his confinement without a jury trial, however, on September 19, 2008, and petitioner suggests that this dismissal constituted an abuse of discretion. Thus, based on this information, it appears that petitioner is challenging the September 19, 2008 dismissal by Judge Franke of petitioner's petition for discharge. Petitioner's response, docketed as a motion for reconsideration, to Judge Callahan's recommendations leads me to the same conclusion.

Petitioner filed the present habeas petition on September 23, 2008, four days after Judge Franke dismissed his circuit court petition for discharge. It is clear that petitioner has not presented the Wisconsin appellate courts with the opportunity for a full and fair review of Judge Franke's actions, and thus has not exhausted his state remedies. Therefore, I adopt the magistrate judge's recommendation and dismiss the case. However,

---

[1] Although it does not appear that petitioner is challenging the proceedings upheld in the Court of Appeals's opinion, even if he were, he would be barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d). The petition for review of the appellate opinion was denied on January 21, 2003, and the present petition for habeas review was not filed until September 23, 2008, well over four years after the one-year statute of limitations expired.

2

Case 2:08-cv-00804-LA   Filed 10/23/08   Page 2 of 3   Document 6

the dismissal shall be without prejudice so that petitioner does not lose any right he might have to challenge his custody in the future.

**Therefore,**

**IT IS ORDERED** that the recommendation of the magistrate judge is adopted, as stated herein, and this case is **DISMISSED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin this 23 day of October, 2008.

/s
LYNN ADELMAN
District Judge